**Frangos v. Hersh**

C.P. of Allegheny County, no. GD 09-15684.

*Frank G. Salpietro,* for plaintiff
*James R. Cooney,* for defendants.

FRIEDMAN, *J.,* November 16, 2010—For the reasons discussed later herein, we confess error for procedural and jurisdictional reasons only and suggest that defendant's appeal of our order dated July 7, 2010, requiring the posting of additional security under the Mechanics' Lien Law, be granted, without prejudice. We have made a list of the dates and events that caused us to realize our error. It is attached as Appendix 1 to this opinion, for the convenience of counsel and the appellate court.

The captioned matter is procedurally confusing, one might even say garbled. It started as a mechanics lien claim against 7056 Meade Place in Pittsburgh, Pennsylvania.

The original amount was roughly $43,000 and was filed against defendant Hersh, only, on September 10, 2009. Mr. Hersh then filed an emergency petition to discharge the lien, which was granted, and on September 29, 2009, a consent order to that effect was entered by the undersigned. The following day, September 30, 2009, Mr. Hersh paid $43,000 into court and the mechanics' lien on the real estate was discharged. The action on the claim continued against Mr. Hersh.

On October 16, 2009, the Honorable R. Stanton Wettick, Jr., also of this court, granted plaintiff's motion to amend mechanic's lien claim. One of the amendments granted by Judge Wettick was the addition of the buyer and current owner of the real estate, Mr. Jordan, as a party defendant. The other was the increase and itemization of the amount of the claim. The custom in this court is that an order of Judge Wettick permitting amendment usually contemplates that preliminary objections may nevertheless be filed once the amended complaint is filed and served. Mr. Jordan filed preliminary objections on December 3, 2009. Sitting as Motions Judge, we heard Mr. Jordan's preliminary objections on February 3, 2010 and ruled that, since he acquired the real estate after the lien had been discharged, he had no further obligations to plaintiff and was not a proper party.

In the meanwhile, Mr. Hersh had failed to file either preliminary objections or an answer to the amended complaint and, on November 23, 2009, plaintiff had taken judgment against him by default in the amended amount permitted by Judge Wettick's order. On December 3, 2009, Mr. Hersh filed a petition to open the default judgment against him. The Honorable Michael E. McCarthy, also of

this court, denied that petition on December 18, 2009 and also granted plaintiff's motion for release of funds. The $43,000 was released to plaintiff on December 23, 2009. The next day, a new attorney, current counsel, entered his appearance for Mr. Hersh. On January 18, 2010, Mr. Hersh filed a notice of appeal of Judge McCarthy's order denying his petition to open the default judgment. No bond was posted so there was no automatic stay of execution proceedings pending that appeal, which is still in Superior Court at 150 WDA 2010.

On May 21, 2010, plaintiff filed what appears to be a *renewed*[1] motion to require additional security [from Hersh] and also asked that defendant Hersh be compelled to attend his deposition. At Judge Wettick's direction, this was referred to the undersigned, who heard argument on June 15, 2010. We entered the order now at issue, granting plaintiff's motion, on July 7, 2010. At this point we were unaware[2] of the default judgment and of the appeal from the order of Judge McCarthy. We therefore seem to have believed that the complaint on the mechanics lien was still awaiting trial. Had we registered the fact that Mr. Hersh already had a default judgment against him and that there was an appeal pending, we properly should have (and, hopefully, would have) directed plaintiff to proceed either under the rules regarding execution and discovery in aid

1. On December 11, 2009, plaintiff had filed a similar request as an alternative to her "response and objection" to Hersh's petition to open [default] judgment. When the petition to open was denied, plaintiff's alternative appears to have been regarded as moot.

2. Whether or not we *should* have been aware of the pending appeal is unclear. The videotape argument indicates it was mentioned briefly in passing at the start of the argument and never alluded to again. We therefore inadvertently focused only on the law raised by counsel, not on the possibility that we lacked jurisdiction.

of execution, or under the rules of appellate procedure related to a supersedeas (Pa. R.A.P. 1731, et seq.).

Because we thought the case was still open, we considered whether §1510 of the Mechanics' Lien Law permitted or required the posting of additional security after the lien itself had been discharged. Although we hope we were correct about the law given our understanding at the time of the procedural posture of the case, we now confess error and believe the steps taken by plaintiff to increase the amount of security were procedurally inappropriate and that we had no jurisdiction to enter the order. (In the event Superior Court finds we did have jurisdiction, the reasons for our decision are set forth in the videotape of the June 15, 2010 argument, at tape time 14:47 - 14:53. Appellant has been told to have this transcribed.)

Because of the appeal then pending in Superior Court, we were without power to *require* additional security under the Mechanics' Lien Law on the date we did so. See Pa. R.A.P. 1701. Rather, Mr. Hersh failed to post additional security under Pa. R.A.P. 1731, et seq. at his peril. Plaintiff was, and is, entitled to execute on whatever assets of Mr. Hersh he could locate, and plaintiff was, and is, entitled to depose Mr. Hersh in aid of execution. (Of course, plaintiff, too, acts at his peril pending appeal, if the order of Judge McCarthy is reversed and Mr. Hersh is allowed to file an answer to the mechanics' lien complaint.)

The order of the undersigned requiring the posting of additional security was improvidently entered at a time when this court lacked jurisdiction because of another

pending appeal in the matter. The appeal of Mr. Hersh should be granted and the order should be vacated, without prejudice to plaintiff's right to proceed as the law and rules of court permit.

## APPENDIX 1

Chronology of Events

NOTE: The dates shown below are the dates the item was docketed.

September 10, 2009: This case was commenced by plaintiff's filing a statement of mechanics' lien.

September 29, 2009: Defendant Hersh (the only defendant at that time) filed an emergency petition to discharge mechanics' lien on deposit of money to secure claim. Plaintiff's attorney and defendant's former attorney appeared in court and the emergency petition was presented to the undersigned as Motions Judge, on the record. See videotape record of proceedings of September 29, 2009, tape time 14:32 -- 14:36. Plaintiff's attorney indicated that he disagreed with some of the wording of the proposed order, and we directed the two attorneys to work on the wording of the order of the record. The order, as modified and as consented to by the two attorneys, was presented to the undersigned off the record and was signed. The order, as modified, provided as follows:

"And now, on reading and filing the petition of the owner, verified September 29, 2009, praying that this court determine the amount of money necessary to be deposited by petitioner for the discharge of record of the lien hereinafter described on the deposit of the sum of money so determined. It is hereby ordered pursuant

to the Act of August 24, 1963, 49 P.S. 1510(a), that the sum of $43,000.00 be, and hereby is, set as the amount of money necessary to be deposited by petitioner for the discharge of said lien of record;

"It is further ordered that, that [sic] upon deposit of the aforesaid sum of $43,000.00 in certified funds with the Prothonotary of this court, the lien filed by Michelle Frangos on September 10, 2009, at 3:51 p.m., in the office of the Prothonotary of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, against the interest of Stephen Hersh, petitioner, in the real property in the claim described as follows: Mechanics' Lien filed by Michelle Frangos, as an alleged contractor, in the amount of $42,210.11 for renovations to 7056 Meade Place, Pittsburgh, Pennsylvania 15208, be, and the same hereby is, discharged, and said Prothonotary is hereby directed to cancel such lien of record, marking on the lien GD-09-015684 a reference to this order and its date of entry. *The action on the claim shall continue pursuant to Rule 1651, et seq. and other applicable rule, and the funds deposited pursuant to this order shall be applied to the payment of the amount finally determined to be due to plaintiff.*"

September 29, 2009: Defendant Hersh also filed a praecipe for rule to file complaint.

September 30, 2009: Defendant Hersh deposited the sum of $43,000.00 into court, and the lien was discharged. The real estate subject to the lien was therefore conveyed free and clear of plaintiff's mechanics' lien.

October 19, 2009: The Honorable R. Stanton Wettick,

Jr. also entered an order providing that "upon consideration of plaintiff's motion to Amend Plaintiff's Mechanics' Lien Claim, it is hereby ordered, adjudged and decreed, that said motion be and hereby is granted. The plaintiff shall file her complaint to obtain judgment on Mechanics' Lien, in the form set forth in Exhibit 3 to this Motion, within five (5) days." One of the amendments requested by plaintiff was the addition of George Patrick Jordan, IV, the current owner of the property, as a defendant.

October 19, 2009: Plaintiff filed her complaint to obtain judgment on a mechanics' lien, which included both Stephen Hersh and George Patrick Jordan, IV as defendants.

November 12, 2009: Plaintiff filed an acceptance of service of the complaint. The acceptance of service was signed by defendant's former attorney, who stated that he was authorized to do so, for both defendants.

November 23, 2009: Plaintiff's praecipe for entry of default judgment against defendant Stephen Hersh pursuant to PA R.C.P. 237.1 and 1037(b) was docketed, based on Hersh's failure to answer or otherwise plead to the complaint.

November 24, 2009: Defendant Jordan's petition to strike acceptance of service was presented to the Honorable Robert J. Colville of this court. In that petition to strike acceptance of service, defendant Jordan averred, inter alia, that defendant Hersh's prior attorney was never authorized to represent Jordan or to accept service on his behalf. Judge Colville then entered an order that same day providing that:

1. Defendant Jordan's petition to strike acceptance of service is withdrawn without prejudice;

2. The appearance of attorney Tomasic is withdrawn on behalf of defendant, George Patrick Jordan, IV, and the appearance of John P. Vetica, Jr. is hereby entered on behalf of Mr. Jordan;

3. Defendant Jordan shall file a responsive pleading to the complaint in this matter within twenty (20) days of the date of this order; and

4. This order shall not affect any obligations of defendant Stephen Hersh or any rights any party has against defendant Stephen Hersh.

December 3, 2009: Defendant Jordan filed preliminary objections to plaintiff's complaint. The preliminary objections were assigned an argument date of February 3, 2010.

December 3, 2009: Defendant Hersh filed a petition to open the default judgment entered against him.

December 11, 2009: Plaintiff filed a response and objection to defendant [Hersh's] petition to open judgment, an alternative petition to require additional security, and also a motion for release of funds.

December 18, 2009: The Honorable Michael E. McCarthy of this court entered two orders: one in which he denied defendant Hersh's petition to open judgment, and another in which he granted plaintiff's motion for release of funds and directed the department of court records to pay to plaintiff's counsel the $43,000.00 in funds being held, plus accrued interest, less any fee required by local

rules. No order was entered regarding the *alternative* petition to require additional security.

December 23, 2009: The $43,000.00 in funds were disbursed to plaintiff.

December 24, 2009: New counsel entered an appearance on behalf of defendant Hersh.

January 12, 2010: Defendant Hersh filed a petition to strike default judgment and a motion for reconsideration [of Judge McCarthy's order denying Hersh's petition to open judgment] or, in the alternative, for stay of execution pending appeal. No order disposing of either the petition or the motion is shown on the docket. We have assumed the order either was not presented to Judge McCarthy or was implicitly denied by him.

January 18, 2010: Defendant Hersh filed a notice of appeal of Judge McCarthy's order denying his petition to open judgment. No appeal bond was filed, so there was no automatic supersedeas under Pa. R.A.P. 1731(a).

January 19, 2010: Plaintiff filed a praecipe for writ of execution against Stephen Hersh.

February 2, 2010: Defendant Hersh filed a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 2915(b), related to Judge McCarthy's orders.

February 3, 2010: The undersigned entered an order denying plaintiff's motion to continue argument on [defendant Jordan's] preliminary objections pending appeal, and also entered the following order sustaining defendant Jordan's preliminary objections, as follows:

...it is hereby ordered, adjudged and decreed that the

preliminary objections be and hereby are sustained and that the complaint of plaintiff be and hereby is dismissed, with prejudice, as to George Patrick Jordan, IV, only. We note that Mr. Jordan is not an indispensable party to this action as he acquired title after the subject lien on the real estate had been discharged.

March 13, 2010: Judge McCarthy filed his opinion regarding the appeal of his order denying defendant Hersh's petition to open [default] judgment.

May 21, 2010: Plaintiff filed a [second] motion to require additional security [from defendant Hersh] and/or to compel deposition [of defendant Hersh]. This was scheduled for argument on June 15, 2010.

June 15, 2010: After argument before the undersigned, with plaintiff's attorney and defendant Hersh's new attorney present, counsel were given leave to brief §1510 of the Mechanics' Lien Law, with defendant's brief due by July 1, 2010 and plaintiff's brief due by July 15, 2010. On July 2, 2010, an attorney from Mr. Cooney's firm requested a continuance on his behalf due to the terminal illness of Mr. Cooney's mother. We responded that, although we had great sympathy for Mr. Cooney, we also had to consider prejudice to the plaintiff, and therefore we declined the request for a continuance.

July 7, 2010: We entered an order granting plaintiff's motion to require additional security and/or to require deposition and requiring defendant Hersh to appear at the law offices of plaintiff's counsel.

July 20, 2010: Plaintiff filed a motion to hold defendant Stephen Hersh in contempt of court, alleging that Hersh

had neither complied with the July 7th order nor sought reconsideration. On that same date, Mr. Cooney advised the court by letter than he was in the process of drafting a motion for reconsideration, which the court eventually received.

July 28, 2010: The undersigned entered an order denying defendant Hersh's motion for reconsideration. That order was accompanied by a letter advising counsel that "I will not consider a renewed motion to hold Mr. Hersh in contempt pending the completion of discovery in aid of execution so that Mr. Hersh's ability to comply with the directive related to the increase in the amount of security can be determined."

August 6, 2010: Defendant Hersh filed the instant notice of appeal. There are now two appeals pending in Superior Court, the first from Judge McCarthy's order (150 WDA 2010) and the instant one, (1348 WDA 2010) as to which we confess error.

September 1, 2010: The undersigned filed an order directing defendant Hersh to file a statement of matters complained of on appeal.

September 14, 2010: Hersh filed his statement of matters complained of on appeal seeming to raise a question about whether the case may continue at all against Mr. Hersh where the lien was discharged as to the real estate. We do not discuss this on appeal, but our understanding was that the action *does* continue, on complaint and answer, against the alleged debtor, Mr. Hersh, without the necessity of there being a *new* complaint filed at a *new* docket number. Defendant did not raise the issue of our lack of jurisdiction due to the pending appeal of Judge

McCarthy's order. Defendant also did not appeal at all the order of Judge Wettick raising the amount of the claim.